UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. BURNSIDE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-01223-JES |
| KIMBERLY NELSON, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

Case Nos. 22-CV-1218, 22-CV-1222, and 22-CV-1223 are consolidated for the purposes of this Order.

Brian Burnside likes to file complaints in the Central District of Illinois about his experiences in the Peoria County Courthouse, but he does not care much for following instructions. His most recent complaints (21-CV-1294, Judge Shadid) and (22-CV-1126, Judge Mihm) were disposed of by court orders on November 1, 2021 and June 22, 2022. *See also* 22-CV-1130; 22-CV-1131 (remanding Burnside's criminal state court cases to the Circuit Court for Peoria County). His current case filings, consolidated here for the purpose of disposing of them in the most efficient manner, cite a rambling laundry list of claims against people who have allegedly harmed him by violating his 4th, 5th, 8th, and 14th amendment rights.

28 U.S.C. § 1915, requires district courts to "screen the case before granting the privilege to proceed without repayment of fees." However, not much screening is necessary here as Judge Mihm previously addressed these defendants and these allegations in 22-CV-1126.

In 22-CV-1222, Burnside's laundry list includes Judges Kevin Lyons and Katherine Gorman and Assistant State's Attorney, Terry Muench as defendants.

In 22-CV-1223, his laundry list includes Kimberly Nelson, Will Smith, DCS Hart, C. Hoffman, and Alexander Eddleman of the Peoria County Sheriff's Department and Peoria County Sheriff Brian Asbell. These are the same defendants included in 22-CV-1126, which Judge Mihm dismissed on June 22, 2022, with leave to amend within 30 days, with clear instruction as to how to do so.

Burnside ignored these instructions. Instead, on June 27, 2022, Burnside filed three Amended Complaints. Judge Mihm dismissed them on June 29, 2022, with instructions to file one Amended Complaint. On June 30, 2022, Burnside filed one amended complaint against Brandon Kientzle and Jeffrey Hinshaw of the Peoria Police Department. He also chose to appeal the Merit Review order dismissing the defendants he now files against in 22-CV-1222 and 22-CV-1223, and in doing so he splits up the defendants in separate suits in an apparent attempt to comply with Judge Mihm's instruction from 22-CV-1126. On July 1, 2022, Judge Mihm certified his appeal as "not in good faith" because his appeal was based on nonfinal, nonappealable orders.

Here, Burnside simply repeats the allegations made in 22-CV-1126, does not recite his complete federal court litigation history and does not provide a full detailed statement, with times and dates, regarding the exhaustion of his administrative remedies and did not file his amended complaint as to these defendants, as instructed, in 22-CV-1126. His complaints in Case Nos. 22-CV-1222 and 22-CV-1223 are dismissed with prejudice and his requests to proceed in forma pauperis are moot.

Relatedly, 22-CV-1218 also appears to be based on one of the arrests Burnside complains about in 22-CV-1126. Burnside sues Court Security Officers for the Tenth Judicial Circuit Court of Peoria County, Michael Hrdlicka and Kody Herrin. Based on the complaint, it seems Burnside

2

has been disruptive to staff in the Peoria County courthouse as he has here. To the extent this incident was not raised in 22-CV-1126, Burnside once again raises sovereign citizen theories. *See* 21-CV-1294 (dismissing complaint based on theories of individual sovereignty and immunity from prosecution). Therefore, the Complaint in 22-CV-1218 is dismissed with prejudice as frivolous.

Burnside is further warned that if he files another frivolous case based on facts and circumstances already adjudicated in a prior case or based on delusional sovereign citizen theories that have no merit or logic, he will be sanctioned, up to and including a monetary fine and filing bar. *See Support Sys. Int'l Mack*, 45 F.3d 185 (7th Cir. 1995). Burnside may also be sanctioned should he choose to make another frivolous filing in any of the cases he has previously filed. *Id*.

## CONCLUSION

For the reasons set forth above, Plaintiff Burnside's Complaints in Nos. 22-CV-1218, 22-CV-1222, and 22-CV-1223 are dismissed with prejudice. Burnside's Motions (Docs. 2) for Leave to Proceed IFP are MOOT. Plaintiff is warned that further frivolous filings will result in sanctions, up to and including, a monetary fine and filing bar. *See Support Sys. Int'l Mack*, 45 F.3d 185 (7th Cir. 1995). The Clerk is directed to close Case Nos. 22-CV-1218, 22-CV-1222, and 22-CV-1223.

Signed on this 15th day of July, 2022.

s/ James E. Shadid
James E. Shadid
United States District Judge